UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: : | CASE NO. G07-20069-REB |
| : | |
| BRIAN EDWARD FOX : | |
| d/b/a APPALACHEE LANDSCAPING, : | |
| : | |
| Debtor. : | |
| : | |
| _____ : | CONTESTED MATTER |
| : | |
| BRIAN EDWARD FOX : | |
| d/b/a APPALACHEE LANDSCAPING, : | |
| : | |
| Movant, : | |
| : | |
| v. : | |
| : | CHAPTER 13 |
| LAKEVIEW PUBLISHING.COM, INC., : | |
| : | |
| Respondent, : | |
| : | JUDGE BRIZENDINE |
| : | |

**ORDER FINDING THAT JUDICIAL LIEN DID NOT ATTACH TO MOTOR VEHICLES
AND GRANTING MOTION TO AVOID JUDICIAL LIEN AS TO OTHER PROPERTY**

Debtor-Movant filed a motion on March 30, 2009 to avoid a judicial lien held by Respondent Lakeview Publishing.com, Inc. under 11 U.S.C. § 522(f)(1) as same allegedly impairs an exemption to which Debtor is entitled under Section 522(b).  Following a hearing held on June 16, 2009, the parties submitted briefs as directed by the Court addressing the issue of whether Respondent's judicial lien attached to all of Debtor's real and personal property, including certain motor vehicles, under O.C.G.A. § 9-12-80 or instead, whether O.C.G.A. § 40-3-53 provides the exclusive procedure for perfecting a lien against a motor vehicle under Georgia state law, which Respondent admittedly did not follow.  For the reasons stated hereafter, the Court finds for the Debtor.

Debtor does not appear to dispute Respondent's receipt of a certain judgment and the issuance of a writ of *fi.fa.* in its favor on December 5, 2006. The legal question herein centers on the scope of said lien. Respondent contends that its judgment as duly recorded on the general execution docket constitutes a lien on all the Debtor's property and thus, that it holds an allowed secured claim in this bankruptcy case. *See Claussen Concrete Co. v. Walker (In re Lively)*, 74 B.R. 238 (S.D.Ga. 1987), *aff'd*, 851 F.2d 363 (11th Cir. 1988); *see also* 11 U.S.C. § 506(a)(1). In Georgia, a judgment binds all personal property of the judgment-debtor upon date of entry, and a judgment lien obtained by the judgment-creditor attaches to all such property including after-acquired property. Under its reading of the law, Respondent claims its lien extends to Debtor's vehicles as personal property.[1]

In its response brief, Debtor argues that O.C.G.A. § 40-5-53 is an exception to this rule, and because Respondent failed to follow its exclusive method for perfecting a lien against a motor vehicle, its judgment lien does not encumber Debtor's vehicles. *See Williamson v. Lucas (In re Williamson)*, 78 B.R. 372, 377-78 (Bankr. M.D.Ga. 1987).[2] Respondent contends that this exception is relevant only in

---

[1] O.C.G.A. § 9-12-80 provides as follows:

All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments ***except*** as otherwise provided in this Code.

O.C.G.A § 9-12-80 (emphasis added).

[2] O.C.G.A. § 40-3-53 provides in pertinent part as follows:

(a) If the holder of any lien as defined in paragraph (7) of Code Section 40-3-2, except the holder of a mechanic's lien, perfection of which is prescribed in Code Section 40-3-54, desires to perfect such lien against a ***vehicle***, the lienholder shall, on the form prescribed by the commissioner, *execute a title application and a notice of lien stating the type of lien and the specific vehicle against which the lien is claimed* and shall forward such notice and title application, together with a fee as provided by Code Section 40-3-38, either personally or by certified mail or statutory overnight delivery, return receipt requested, to the person who has custody of the current certificate of title at the address shown on such certificate of title. If someone other than the owner is holding the certificate of title, a copy of

2

protecting the rights of a pre-existing seller. Since the Debtor in this case owns the vehicles in question outright, Section 40-5-53 does not apply and the broad reach of Section 9-12-80 is not affected. Debtor counters that this exception remains controlling even in the absence of an actual seller with a prior security interest.

Upon review of the statutes and case law, the Court concludes that pursuant to Georgia law Section 40-5-53 governs the perfection of a security interest or lien in a motor vehicle and that the filing of a judgment on the general execution docket does not override its requirements. As held by the court in *Lucas*, the special provisions of this statute control over the general provisions of Section 9-12-80 and thereby constitute an exception to the extraordinary reach of a judgment lien. 78 B.R. 377-78. Further, it does not appear from the language of the statutes that this exception is limited to those instances where a competing security interest as asserted by a motor vehicle seller exists, and none of the cases cited by Respondent hold to the contrary. In view of the foregoing, the Court finds and concludes that Respondent has not perfected its lien against Debtors' motor vehicles in accordance with Georgia law, and therefore, its judgment lien did not attach to said motor vehicles and same does not secure an interest in said property in accordance with 11 U.S.C. § 506.

---

the notice shall also be forwarded to the owner. The lien claimant shall retain the certified mail or statutory overnight delivery receipt as proof of compliance with this Code section.
...

(e) A lien perfected under this Code section shall be a lien only against the specific vehicle identified in the application for a new certificate.

(f) A lien on a vehicle for which a certificate of title is required shall be perfected and shall be valid against subsequent transferees and holders of security interests and liens only by compliance with this Code section. The procedure contained in this chapter shall be the *exclusive* method for the perfection of liens on vehicles, and no lien shall be effective as to a vehicle unless so perfected.

O.C.G.A § 40-3-53 (emphasis added).

3

Accordingly, it is

**ORDERED** that Debtor-Movant's motion to avoid judicial lien of Respondent Lakeview Publishing.com, Inc. be, and the same hereby is, **granted** as stated hereafter; and it is

**FURTHER ORDERED** and this Court so finds that the judgment lien of Respondent Lakeview Publishing.com, Inc. did not attach to the motor vehicles of Debtor-Movant under Georgia state law and said property is not encumbered by Respondent's lien; and it is

**FURTHER ORDERED** that the judgment lien of Respondent Lakeview Publishing.com, Inc. be, and the same hereby is, **voided** to the extent it impairs an exemption to which Debtor is entitled herein in accordance with 11 U.S.C. § 522(f)(1) with respect to other property claimed as exempt by the Debtor.

The Clerk is directed to serve a copy of this Order upon Debtor's counsel, Respondent's counsel, and the Chapter 13 Trustee.

**IT IS SO ORDERED.**

At Atlanta, Georgia this __29__ day of September, 2009.

_____
ROBERT E. BRIZENDINE
UNITED STATES BANKRUPTCY JUDGE

4